# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **Anthony Underwood** | ) | CASE NO: |
| **Melvin Nevett** | ) | **JURY DEMAND** |
| **Alzelda Richardson** | ) | |
| **Paul Garret** | ) | |
| **Anna L. Hill** | ) | |
| **Shirley Cotton,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | |
| **Kenneth E. Gulley, Mayor of Bessemer** | ) | |
| **The City of Bessemer Councilmembers:** | ) | |
| **David Vance** | ) | |
| **Chester Porter** | ) | |
| **Cynthia Donald** | ) | |
| **Donna Thigpen** | ) | |
| **Ron Marshall** | ) | |
| **Jesse Matthews** | ) | |
| **Cleophus King** | ) | |
| **Wanda Taylor, Bessemer City Clerk** | ) | |
| **Johnnie Mae Lassiter, Individual** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF**

COMES NOW the undersigned counsel on behalf of Plaintiffs, (hereinafter "Plaintiffs"), and files this Complaint against, the above-named Defendants, in this matter, and in support thereof, and respectfully shows unto this Honorable Court as follows:

## INTRODUCTION

The city of Bessemer showed at best blatant disregard for, and at worst outright contempt for, numerous areas of Alabama's election laws including the 2014 election. The illegal conduct was not only aided and abetted by the city's elected officials (who, of course, were set to directly benefit from particular election outcomes), but many of them were participants. As such, the city's leadership (the vast majority of whom were re-elected in 2014) should be viewed as unfit to oversee another municipal election. Specific and definite illegalities include a consistent lack of privacy in voting booths, an absolute failure to properly train election officials, several troubling occurrences dealing with provisional ballots, several unfortunate absences on the part of the city clerk, and numerous significant electioneering offences on the part of the incumbent mayor and city council.

The consequences of the pattern and practice of corruption and/or incompetence in the operation and management of municipal elections are tangible. Bessemer suffers from higher than average poverty rates, exorbitant crime rates as one of the most violent cities in the nation per capita, and substantially lower voter turnout than the surrounding communities. How do we encourage faith in a system if there is no accountability? The concerns about the system being biased in favor of a few are justified. It is difficult to deny that the current woeful conditions of the city are directly related to the lack of integrity within the current municipal voting process and that, without the court's intervention, these conditions in the predominantly black and poor communities will only worsen.

## STATEMENT OF JURISDICTION

1. Jurisdiction is proper in the United States District Court for the Northern District of Alabama, pursuant to 28 U.S.C. § 1331 and 1343 and 42 U.S.C. § 1983 *et seq.*, and the First and Fourteenth Amendments of the United States Constitution. Jurisdiction over Plaintiff's claim under Alabama law is based on the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367 (2006).

2. At all times mentioned herein, all defendants were acting under color of state law., Plaintiffs seek to insure rights secured to them by the First and Fourteenth Amendments to the United States Constitution and the laws of the United States. The location of the acts that gave rise to the injuries complained of occurred in Jefferson County in the Northern District of Alabama, which sits in the jurisdiction of this court. 28 U.S.C. § 1391(a)(2) (2006).

3. Jurisdiction is proper in the Northern District Alabama. The underlying action is based upon events occurring at various voter polling locations in Bessemer, Alabama.

4. Plaintiffs, are all citizens of the United States of America who presently reside within the jurisdiction of this Court.

5. At all times material herein, Defendants held publicly elected office in Bessemer, Alabama. The individual defendants will also be collectively referred to as "Defendants" hereinafter.

6. At all times material herein, each voter was exercising their constitutional right to vote in accordance with state and federal election laws at their assigned polling places in Bessemer, Alabama.

7. Plaintiffs sue all Defendants in both their individual and official capacities.

## STATEMENT OF FACTS

8. This is a case about rampant, continual election violations on behalf of incumbent elected officials in the city of Bessemer, Alabama.

9. As will be set forth , numerous elections violations occurred at various polling locations across the city in the 2014 municipal elections and each prior and subsequent election held. Counsel provides these specific allegations due to them being documented.

10. During previous elections, various polling locations were not open and available to voters at the prescribed time of 7:00 a.m.

11. Poll workers at those locations reported to several locations as early as 6:00 a.m. to begin preparations, but found none of the other necessary personnel present until as late as 6:50 a.m.

12. Only a minority of poll workers possessed knowledge and skill at executing their tasks., Most were inadequately trained or lacked any training at all.

13. As a result of the tardiness of the polling personnel, voters were not allowed into the polling locations until approximately 7:30 a.m.

14. Voters were not provided with the infrastructure to fill out their ballots with the required privacy. Voters and poll workers were able to view others' ballots.

15. Numerous polling locations did not have designated space for voters to fill out their ballots with certain voters needing to use any empty space available, such as the wall, the stage in an auditorium, or simply standing and filling out the ballots in their hands.

16. City councilmembers, incumbent elected officials, and other political candidates came inside the polling locations, approached and engaged voters, and campaigned to voters inside the polling locations.

17. City councilmembers and other incumbent elected officials requested that poll workers report any issues directly to them to handle.

18. Incumbent elected officials also directly provided lunch, and other benefits to poll workers. One such official informed poll workers that the mayor had instructed him to purchase lunch for them for the day. The official proceeded to do so.

19. Other incumbent elected officials repeatedly visited polling locations every hour and a half.

20. A political candidate even helped a voter fill out a ballot.

21. Absentee ballots were cast by voters at various polling locations. These ballots were not separated from the other ballots.

22. Poll watchers observed clerks incorrectly placing certain ballots in a secrecy folder.

23. At one point, the mayor of Bessemer came into a polling location with seven other individuals, shaking hands and campaigning, though he did not cast a ballot.

24. At one polling place, during active voting times, a machine with no technical issues was opened, the ballot box removed, and a different ballot box placed inside.

25. At a certain polling location, a ballot machine was not made available until well after the first machine, however, the final count for the second machine outnumbered the first. That machine was also shut down almost 2 hours prior to the polls closing. A poll worker observed a large number of ballots being removed from that machine.

26. In certain locations, provisional ballots were placed into the ballot machines at the direction of the Chief Inspectors, instead of being separated into an envelope as required. When a poll watcher informed one inspector that this was incorrect, the inspector called city hall who informed the inspector to write voter's names on the voter's roster and throw the affidavits away.

27. At almost every polling location, the ballot machines suffered several errors in reporting and thus would not run the reporting tapes. In several locations, polling clerks were instructed to tally the votes by hand in spite of each ballot being cast into a machine.

28. There are many poll workers appointed by the current city administration with a conflict of interest either by familial or romantic relationship or appointed to serve on other committee or boards by the current administration.

29. Defendant Lassiter is a city representative on the Max board and personal friend of the mayor. Ms. Lassiter has been previously indicted for voter fraud. She will serve as chief of the absentee ballots unless this court intervenes.

30. Defendant Porter will appoint his husband as chief inspector for Porter's precinct Box.

31. The poll workers will not be trained by the county, though the county will employ an electronic pad using photo ID as it has for the last two elections.

32. The City of Bessemer will be using a book printout which is problematic because, in the past, poll workers were using the wrong printout or asking incorrect information to identify voters electronically.

33. There is video evidence documenting a special meeting of the Bessemer city council announcing appointments to serve in certain positions on Election Day, August 28th.

These individuals are charged to police a process whereby those who appointed them are also candidates.[1]

34. There are individuals going to various nursing homes and senior living facilities falsely representing an elector's campaign in an effort to sign up unsuspecting voters. The voters in question revealed that the same individual also fills in all the needed information on the voter registration forms.

35. There are also absentee voter moguls who keep a binder of voter information in their possession for all elections. Several voters have asserted that these moguls handle their votes for each election. One such mogul is Ruth L. Mixon, the machine 1 assistance clerk.

    a. 658 abesentee ballots have been returned at the time of this filing and will be the largest "box" cast of the voting districts.

    b. At this pace, absentee ballots cast would equal over 1,000 votes.

    c. Only 5,700 votes were cast in the 2014 election cycle.

    d. This prospective figure would represent over 20% of total votes cast.

36. The Chief Inspector is married to and/or cohabitating with Defendant Person. Defendant Person is running for reelection in district 2.

37. The Chief Inspector is attempting to conceal his address by listing a previous address, however, the previous address is also that of Defendant Person. The Chief Inspector is also a City of Bessemer employee as manager of the civic center.

---

1. [1]*See* https://youtu.be/jXodIf__1TI. Video footage courtesy of Underwood, Anthony. Uploaded 1 August 2018. Last accessed on 8 August 2018.

38. Plaintiffs also point to five irregularities or violations of law that demonstrate a pattern of disregard for the integrity of the local voting process and warrant the court's intervention.

    a. Inordinate amounts of absentee ballots cast in 2014 and so far in the current election cycle based upon the total number of votes cast and the number of registered voters in the concerned jurisdiction.

    b. Conflicts of interests exist in that the appointed election officials have tangible personal and financial ties with incumbents.

    c. The election officials have not been properly trained in the operation of the voting machines and do not enforce the rules for conducting local elections.

    d. Polling locations have been moved to less accessible locations that often are not compliant with the ADA .

    e. At least three (3) people who are seeking to be elected or re-elected do not currently reside within the city limits of Bessemer.

**COUNT ONE – VIOLATIONS OF CIVIL RIGHTS SECURED BY THE VOTING RIGHTS CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION**

**(42 U.S.C. §1983- ALL DEFENDANTS)**

39. Plaintiffs incorporate and reallege paragraphs 1 through 38 of this Complaint as if fully set forth here and further alleges as follows:

40. Defendants employed a pattern and practice of using their positions as elected officials to deprive voters of their fundamental right to vote, in violation of Plaintiffs' fundamental right to vote protected by the First Amendment's freedom of speech, freedom of association, and freedom of expression clauses made applicable to state governments by the Fourteenth Amendment.

41. Defendants' patterns and practices, under the color of law, caused most poll workers to be deprived of adequate training, and ill-equipped polling precincts which resulted in voter disenfranchisement, lack of privacy, and undue influence.

42. Defendants' patterns and practices, under the color of state law, allowed electors to campaign directly to voters while inside voting precincts in violation of federal and state election laws.

43. Defendants' patterns and practices, under the color of state law, caused the negligently and/or intentionally fraudulent handling and misuse of ballot machines, absentee ballots, and provisional ballots.

44. Defendants' patterns and practices, under the color of state law, led to widespread negligent and/or intentional fraudulent error in reporting of election results.

45. Defendants patterns and practices, under the color of state law, were intended to cause the negligent and intentional mishandling of ballots in order to retain incumbent officials in their elected positions.

46. Defendants acts were intentional, malicious, willful, wanton, obdurate, and in gross and reckless disregard of prospective electors' and current and actual voters' constitutional rights.

47. Plaintiffs claim all damages allowable under law, plus their costs and attorney fees pursuant to 42 U.S.C. 1988.

**COUNT TWO – VIOLATIONS OF CIVIL RIGHTS SECURED BY THE EQUAL PROTECTION CLAUSE AND DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**
**(42 U.S.C. §1983- ALL DEFENDANTS)**

48. Plaintiffs incorporate and reallege paragraphs 1 through 46, of this Complaint as if fully set forth here and further alleges as follows:

49. Defendants willfully and wantonly deprived the voting public the same rights and privileges afforded to other similarly situated voters as listed herein and below.

50. Defendants' patterns and practices of inadequately training poll workers deprived voters of the right of privacy in voting, reduced the availability of access to polling locations and ballot machines, and accuracy in reporting ballot results.

51. Defendants' patterns and practices of campaigning less than 30 yards from a polling location, deprived voters of the right not to be unduly influenced or pressured in casting their ballots for a preferred candidate, thus depriving voters of their right to vote.

52. Defendants' patterns and practices of unduly influencing poll workers and voters led to rampant misconduct, elections fraud, and false reporting of results.

53. Defendants' patterns and practices of misconduct and failure to properly inform and train poll workers caused widespread mishandling of ballots, ballot machines, and erroneous reporting.

54. Defendants' also knew or should have known that patterns and practices employed would cause disenfranchisement, misconduct, erroneous reporting, and fraudulent election results, thus depriving voters of their fundamental rights under the Constitution.

55. Defendants' patterns and practices violates the prohibition against failing to provide protection to its voters' fundamental right to vote in violation of the Fourteenth Amendment to the United States Constitution,

56. Plaintiffs claim all damages allowable under law.

## COUNT THREE – INJUNCTIVE RELIEF

57. Plaintiffs incorporate and reallege paragraphs 1 through 55, of this Complaint as if fully set forth here and further alleges as follows:

58. Plaintiffs have asserted a claim against each Defendant seeking compensatory and punitive damages.

59. Alabama state law prohibits payment of punitive damages against municipalities as a matter of public policy, however, officials can be sued for punitive damages in their individual capacities. Thus, the prayer for punitive relief is valid.

60. In addition, the blatant, repeated mishandling of the electoral process in the city of Bessemer effectuated by each Defendant who abused their power to remain in office has led to voter disenfranchisement and election fraud, and warrants the issuance of a preliminary injunction to enjoin each Defendant from having any other role in the upcoming August 2018 elections outside of being allowed to cast a vote or run as a candidate.

## PRAYER FOR LEGAL AND EQUITABLE RELIEF

61. WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor against each of the Defendants in an amount which the Court deems appropriate, to include compensatory and punitive damages, attorney's fees, and costs of this action.

62. Plaintiffs also pray for preliminary and permanent enjoinment of each Defendant, their officers, agents, employees, attorneys, and assigns from participating in the administration of all further municipal elections in which any candidate is also an incumbent in that election.

63. In the alternative, Plaintiffs pray for preliminary and permanent enjoinment of Defendant, their officers, agents, employees, attorneys, and assigns from participating in the next occurring municipal election in which any and all of them are candidates, or an incumbent.

64. Plaintiffs also respectfully request other such relief as this Court may deem just and proper.

Respectfully submitted this 15th day of August, 2018.

        THE RICE FIRM, LLC

        /s/Richard A. Rice

        RICHARD A. RICE (RIC086)
        Attorney for the Plaintiffs

        WELLS FARGO TOWER
        NORTH 420 TWENTITH STREET
        SUITE 2200
        Birmingham, Alabama 35203
        Telephone: 205.618.8733
        Facsimile: 888.391.7193

## VERIFICATION

I, Anthony Underwood, having been duly sworn depose and state that I have read the foregoing Verified Complaint for Injunctive and Other Legal and Equitable Relief, and that the information stated therein as factual is true, and those factual matters which are stated upon information and belief are believed to be true.

_____

Anthony Underwood

Subscribed to and sworn before me this \_\_\_ day of August, 2018

_____

Notary Public

## JURY DEMAND

**Please serve ALL Defendants by Process Server the following address:**

**Kenneth E. Gulley, Mayor of Bessemer**

City of Bessemer, Alabama
1700 3rd Avenue North
Bessemer, Alabama 35020

**The City of Bessemer Councilmembers:**

**David Vance**
**Chester Porter**
**Cynthia Donald**
**Donna Thigpen**

13

**Ron Marshall**
**Jesse Matthews**
**Cleophus King**
**Wanda Taylor, Bessemer City Clerk**
**Johnnie Mae Lassiter, Individual**
City of Bessemer, Alabama
1700 3rd Avenue North
Bessemer, Alabama 35020