# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY UNDERWOOD, et al., | }<br>}<br>} |
| Plaintiff, | }<br>} |
| v. | } Case No.: 2:18-cv-1310-MHH<br>} |
| KENNETH E. GULLEY, Mayor of Bessemer, et al, | }<br>}<br>} |
| Defendants. | |

## **MEMORANDUM OPINION**

This matter comes before the Court on the plaintiffs' motion for preliminary injunction. (Doc. 2). The plaintiffs are citizens of the City of Bessemer who ask the Court to enjoin the defendants, officials of the City of Bessemer, from participating in the administration of the City's August 28, 2018 elections. (Doc. 1). The plaintiffs allege that in the 2014 election, the defendants violated their constitutional rights by, for example, diluting votes, and the plaintiffs anticipate that the defendants will do so again in next week's election. The plaintiffs also contend that the defendants violated the Voting Rights Act in 2014 by intimidating voters, and the plaintiffs anticipate that the defendants will do so again on August 28, 2018. The plaintiffs seek integrity in the municipal election process.

Plaintiffs filed their motion for a temporary injunction on August 16, 2018. (Doc. 2). The Court conducted a telephone conference with the parties on August 17, 2018, and the Court held an evidentiary hearing on the plaintiffs' motion on August 20, 2018. (August 17, 2018 and August 20, 2018 docket entries). On August 21, 2018, the parties filed briefs concerning the plaintiffs' motion. (Docs. 12, 13). Having considered the evidence and the parties' arguments, the Court denies the plaintiffs' motion for the reasons stated below.

## I. JURISDICTION

Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over this matter because the plaintiffs allege violations of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Voting Rights Act of 1965. (Docs. 1, 8).

## II. STANDARD FOR A PRELIMINARY INJUNCTION

"A party seeking a preliminary injunction bears the burden of establishing entitlement to relief." *Scott v. Roberts*, 612 F.3d 1279, 1289 (11th Cir. 2010). "To obtain such relief, the moving party must show: (1) a substantial likelihood of success on the merits; (2) that it will suffer irreparable injury unless the injunction is issued; (3) that the threatened injury outweighs possible harm that the injunction may cause the opposing party; and (4) that the injunction would not disserve the public interest." *GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Engineers*, 788

F.3d 1318, 1322 (11th Cir. 2015) (citing *Burk v. Augusta–Richmond Cnty.,* 365 F.3d 1247, 1262-63 (11th Cir. 2004)). "A preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of these prerequisites." *Id.* (alteration and internal quotation marks and citation omitted).

### III. ANALYSIS

#### A. Likelihood of Success on the Merits

To date, the plaintiffs have not demonstrated a likelihood of success on the merits of their claims. At this preliminary stage, through the testimony of 2014 poll watchers and other witnesses, the plaintiffs have offered evidence that suggests that there may have been some voter intimidation during the 2014 municipal election in Bessemer and that election officials may have tampered with absentee ballots and ballots cast on the day of the election. (August 20, 2018 evidentiary hearing). If ultimately proven on a full record, these would be serious election violations. With respect to the 2018 municipal election, the plaintiffs point out that the City had received more than 700 absentee ballots as of August 20, 2018. The plaintiffs also contend that some of the individuals who the City of Bessemer initially selected to oversee the election are not qualified because the appointed individuals have conflicts of interest. (Doc. 8).

With respect to conflicts of interest, at the August 20, 2018 evidentiary hearing, counsel for the City explained that the Bessemer City Council already has replaced some election officials who appeared to have conflicts of interest, and the City Council was scheduled to replace two other officials at a meeting on August 21, 2018. Mr. Underwood, one of the plaintiffs, testified that the City already has received hundreds of absentee ballots (August 20, 2018 Tr., p. 15), but without more, that fact standing alone does not establish a violation of federal law.

There is no other evidence of irregularities that would warrant a preliminary injunction. Just before the evidentiary hearing began, Mr. Underwood attended the inspection of the voter machines that the City has rented for the election. Mr. Underwood presented no evidence that suggests that, to date, a voting machine has been compromised. The City held training for all poll workers on August 23, 2018. To date, the Court has not received evidence that suggests that the training was inadequate. The plaintiffs' initiation of this action focuses a spotlight on the upcoming election and no doubt serves as a deterrent to misconduct with respect to absentee ballots and all other aspects of the election.

Thus, on the record before it, the Court thus cannot conclude that there is a substantial likelihood that the plaintiffs will succeed in proving a constitutional violation or a violation of the Voting Rights Act with respect to the August 28, 2018 election.

### B. Irreparable Injury

The Court assumes for purposes of this analysis that the plaintiffs would suffer irreparable injury if the defendants' conduct during the 2018 election were to give rise to constitutional violations or violations of the Voting Rights Act. It is a safe assumption. The alleged constitutional violations and violations of the Voting Rights Act, if proven, "are in the form of lost opportunities, which are difficult, if not impossible, to quantify" and "cannot be undone through monetary remedies." *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1242 (11th Cir. 2005); *Scott*, 612 F.3d at 1295 (internal quotation marks and citation omitted).

### C. Harm to the Defendants and the Public

Because the plaintiffs filed their challenge to the 2018 election less than two weeks before the election, the City and its citizens would suffer harm if the Court were to issue a preliminary injunction. The plaintiffs argue that the Court can avert potential misconduct during next week's municipal election by removing the election officials that the City Council appointed and substituting officials from outside of the city, or, at a minimum, appointing officials from Jefferson County or the State of Alabama to oversee the election. Either of these remedies would cause significant disruption and might require delay of the election.

The plaintiffs have offered no evidence concerning the availability of alternative or additional election officials, and the plaintiffs have provided no

evidence concerning the steps that the Court could take to ensure the integrity of next week's election under the oversight of new officials. Even if the Court were to order Jefferson County or the State of Alabama to identify election officials for next week's election, the task of recruiting, training, and preparing those officials to participate in next Tuesday's election would be significant, so significant in fact that it might warrant delay of the election.

Delaying next week's election to accommodate new officials would impose significant logistical and financial challenges. Logistically, the defendants would have to mail an updated election notice to 16,000 residents of Bessemer, secure polling locations for a new date, and enter into an updated contract with Jefferson County for the use of their elections machines. (August 20, 2018 Tr., pp. 103-105). The defendants have arranged for local police to monitor the polls and for volunteers to work the polls on August 28; those officers and volunteers would have to be rescheduled. (August 20, 2018 Tr., pp. 102-103). Given the number of offices involved in the election (Bessemer's mayor, city council, and board of education) and the potential for run-off elections, which have to occur within six weeks of the initial election, delaying next Tuesday's election would make it challenging for the City to comply with Alabama law, which requires elected officials to take office "on the first Monday in November following their election." Ala. Code § 11-46-21(c) (1975); (August 20, 2018 Tr., p. 104). On a stronger

record, the Court might find that these costs are necessary and unavoidable, but, balancing the equities, the Court cannot impose these costs where the evidence of anticipated tampering or intimidation in the current record is scant, and where these costs could have been cabined or eliminated entirely if the plaintiffs had requested relief earlier.

## IV. CONCLUSION

For the reasons discussed above, the Court denies the plaintiffs' motion for a preliminary injunction. The Court will enter a separate order consistent with this memorandum opinion. After the election, if the plaintiffs allege and prove a violation of federal law, then the Court will take appropriate steps to remedy such a violation.[1]

**DONE** and **ORDERED** this August 24, 2018.

*[signature: Madeline H. Haikala]*
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[1] If the plaintiffs decide to proceed with this lawsuit, they will have to file an amended complaint that clarifies their claims. The defendants will have an opportunity to respond to an amended complaint if the plaintiffs file one.