FILED

2018 Oct-31 PM 06:28
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY UNDERWOOD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.:  2:18-CV-01310-MHH |
| KENNETH E. GULLEY, MAYOR | ) | |
| OF BESSEMER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO DISMISS

Defendants Kenneth E. Gulley, Mayor of Bessemer; City of Bessemer Councilmembers: David Vance, Chester Porter, Cynthia Donald, Donna Thigpen, Ron Marshall, Jesse Matthews, and Cleophus King; and Wanda Taylor, Bessemer City Clerk and, pursuant to Fed. R. Civ. P. 12(b)(6), move this court to dismiss with prejudice the Complaint.  In support of this motion, Defendants state as follows:

### INTRODUCTION

1.    The plaintiffs are citizens of the City of Bessemer.  The defendants all are elected or appointed officials of the City. The Complaint in this matter makes

{B2969157}

numerous allegations regarding the conduct of *past*[1] municipal elections in Bessemer. [See Doc. 1.]

2.      With respect to the 2018 municipal election, the Complaint alleges only a) that, as of August 20, 2018, the City had received more than 700 absentee ballots; and b) that some of the individuals who the City of Bessemer initially selected to oversee the election are not qualified because the appointed individuals have conflicts of interest.[2]

3.      The Complaint purports to assert claims under 42 U.S.C. § 1983 against all defendants. Specifically, the Complaint attempts to assert a violation of the First Amendment (Count One) and a violation of the Equal Protection clause and the Due Process clause of the Fourteenth Amendment (Count Two).

4.      The Complaint seeks injunctive relief. Specifically, plaintiffs ask the Court to enjoin the defendants from participating in the administration of the City's August 28, 2018 elections. [Doc. 1, p. 12 at ¶ 63.] The Complaint also seeks compensatory and punitive damages from each defendant. [Doc. 1, p. 11 at ¶ 61.]

---

[1] "[N]umerous elections violations occurred at various polling locations across the city in the 2014 municipal elections and each prior and subsequent election held." [Doc. 1, p. 4 at ¶ 9.]

[2] At the August 20, 2018 evidentiary hearing, counsel for the City explained that the Bessemer City Council already had replaced some election officials who appeared to have conflicts of interest, and the City Council was scheduled to replace two other officials at a meeting on August 21, 2018. [Doc. 17, p. 4.]

## I.    Motion To Dismiss Standard.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).  Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient.  *Iqbal*, 556 U.S. at 678. (citations and internal quotation marks omitted).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Rule 12(b)(6), FED.R.CIV.P., permits dismissal when a complaint fails to state a claim upon which relief can be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted).  A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citation omitted).  The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*; see also *Bell Atl. Corp.*, 550 U.S. at 555

("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II.    The Complaint Is Now Moot.

The Complaint sought to preclude City officials from overseeing Bessemer's municipal elections held in August 2018. That election has been held. Thus, the relief Plaintiffs seek is no longer available.

## III.    The Complaint Failed To State Plausible Causes Of Action.

Even if the Complaint was not moot, it should still be dismissed as it fails to state a claim upon which relief may be granted.

### A.    The Voting Rights Clause of the First Amendment

The Eleventh Circuit recently addressed the impact of the First Amendment on voting rights, again confirming that the First Amendment provides no greater protection for voting rights than the protection provided by the Fourteenth Amendment:

> It is well established in this Circuit that the First Amendment provides no greater protection for voting rights than is otherwise found in the Fourteenth Amendment. In *Burton v. City of Belle Glade*, 178 F.3d 1175 (11th Cir. 1999), the plaintiffs alleged that the City of Belle Glade's failure to annex their housing project deprived them of the right to vote in violation of the First and Fourteenth Amendments. *Id.* at 1183. After rejecting the plaintiffs' Fourteenth Amendment claim, the Court disposed of plaintiffs' First Amendment contention, holding that

"since the First and Thirteenth Amendments afford no greater protection for voting rights claims than that already provided by the Fourteenth and Fifteenth Amendments, we conclude that the district court did not err in dismissing these claims." *Id.* at 1188 n.9 (citations omitted). Additionally, in *Cook v. Randolph County*, 573 F.3d 1143 (11th Cir. 2009), Cook contended that the County Board of Registrars' attempt to change his voting registration infringed his right to vote under the First and Fourteenth Amendments. *Id.* at 1148. There, a panel of this Court dismissed Cook's First Amendment claim, holding still again that "[t]he First and Thirteenth Amendments afford no greater protection for voting rights claims than that already provided by the Fourteenth and Fifteenth Amendments." *Id.* at 1152 n.4 (quoting *Burton*, 178 F.3d at 1188 n.9); *see also Irby v. Virginia State Bd. of Elections*, 889 F.2d 1352, 1359 (4th Cir. 1989) ("Having found no violations of the Equal Protection Clause and the Fifteenth Amendment, we likewise conclude that plaintiffs' First and Thirteenth Amendment claims must fail. In voting rights cases, the protections of the First and Thirteenth Amendments do not in any event extend beyond those more directly, and perhaps only, provided by the fourteenth and fifteenth amendments.") (internal quotation marks omitted) ).

*Hand v. Scott*, 888 F.3d 1206, 1211 (11th Cir. 2018).

Therefore, if the Plaintiffs do not state a claim on their Equal Protection challenge they also do not state a claim on their First Amendment challenge.

## B.    The Equal Protection Challenge

The equal protection claim is fatally deficient because the Complaint does not allege that Bessemer's municipal election system has as its purpose the intent to discriminate on account of race or some other insular classification; or that it had the effect of a discriminate impact on an insular minority. To establish a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that

the city's decision or act had a discriminatory purpose and effect.  See *Reno v. Bossier Parrish School Board*, 520 U.S. 471, 481, 117 S.Ct. 1491, 137 L.Ed. 2d 730 (1997). "The first inquiry in any § 1983 suit . . . is whether the plaintiff has been deprived of a right '*secured by the Constitution and laws*.'"  *Curry v. Baker*, 802 F.2d 1302, 1314 (11th Cir. 1986) (*citing Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed. 2d 433 (1979) (emphasis in original).  In *Curry*, the plaintiffs pointed to a fundamental right to vote grounded in the Due Process clause of the Constitution.  The 11th Circuit held "the functional structure embodied in the Constitution, the nature of the federal court system, and the limitations inherent in the concepts both of limited federal jurisdiction and of the remedy afforded by § 1983" operate to restrict federal relief in the state election context.  *Citing Gamza v. Aguirre*, 619 F.2d 449, 452 (5th Cir.), *reh'g denied*, 625 F.2d 1016 (1980). "Although federal courts closely scrutinize state laws whose very design infringes on the rights of voters, federal courts will not intervene to examine the validity of individual ballots or supervise the administrative details of a local election." *Curry*, 802 F.2d at 1314, citing *Griffin v. Burns*, 570 F.2d 1065, 1078 (1st Cir. 1978).  Only in extraordinary circumstances will a challenge to a state election rise to the level of a constitutional deprivation. *Id.*

In *Gamza*, plaintiff alleged that election officials had negligently and unlawfully performed the vote count, thereby costing him the election.  The Fifth

Circuit found that plaintiff failed to state a constitutional deprivation under § 1983, holding:

> In the absence of evidence that the alleged maladministration of the local election procedures was attended by the intention to discriminate against the affected voters or motivated by a desire to subvert the right of the voters to choose their . . . representative, we cannot conclude that the error constituted a denial of equal protection of the laws.

*Gamza*, 619 F.2d at 454.

The *Curry* court also noted that in *Johnson v. Hood*, 430 F.2d 610 (5th Cir. 1970), the plaintiffs alleged that the County Election Commission's decision to reject 10 ballots as improper was arbitrary, capricious and without any reasonable basis. However, the Fifth Circuit rejected this argument and ruled that even if the alleged facts were true, they failed to support a valid constitutional violation.

Here, the Complaint makes no allegation that the statutes governing municipal elections in Alabama or the way in which the defendants administered the election procedures was attended by the intention to discriminate against Plaintiffs. In fact, the Complaint does not claim that even a single citizen of Bessemer was unable to vote in a past municipal election due to the conduct of the Defendants.

Further, the misconduct allegations in the Complaint- i.e. Mayor Gulley speaking to poll workers, council members appointing improper persons as election officials, etc.- are allegations of violations of state law, and fail to support a constitutional violation. *See Curry, Gamza, Hood, supra.*

{B2969157}                                    7

## CONCLUSION

For these reasons, the Complaint fails to state a claim upon which relief may be granted, and it is due to be dismissed with prejudice in its entirety. Thus, Defendants request this Court enter an order dismissing the Complaint with prejudice and taxing costs against Plaintiffs.

/s/ Alfred H. Perkins, Jr.
Alfred H. Perkins, Jr. (PER063)
STARNES DAVIS FLORIE LLP
100 Brookwood Place, Seventh Floor
Birmingham, AL  35209
(205) 868-6000 – Phone
(205) 868-6099 – Fax
*aperkins@starneslaw.com*
Attorney for Defendants Kenneth E. Gulley, Mayor of Bessemer; City of Bessemer Councilmembers: David Vance, Chester Porter, Cynthia Donald, Donna Thigpen, Ron Marshall, Jesse Matthews, and Cleophus King; and Wanda Taylor, Bessemer City Clerk

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2018, I electronically filed the foregoing with the Clerk of the Court using the AlaFile system, which will send electronic notification of such filing to the following:

Richard A. Rice, Esq.
THE RICE FIRM, LLC
Wells Fargo Tower
420 20th Street North, Suite 220
Birmingham, AL  35203
(205) 618-8733 – Phone
(888) 391-7193 – Fax
rrice@rice-lawfirm.com

/s/ Alfred H. Perkins, Jr.
Alfred H. Perkins, Jr. (PER063)
STARNES DAVIS FLORIE LLP
100 Brookwood Place, Seventh Floor
Birmingham, AL  35209
(205) 868-6000 – Phone
(205) 868-6099 – Fax
*aperkins@starneslaw.com*
Attorney for Defendants Kenneth E. Gulley, Mayor of Bessemer; City of Bessemer Councilmembers: David Vance, Chester Porter, Cynthia Donald, Donna Thigpen, Ron Marshall, Jesse Matthews, and Cleophus King; and Wanda Taylor, Bessemer City Clerk

{B2969157}

9